# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALBERT GREEN (#285637)**              **CIVIL ACTION NO.**

**VERSUS**                              **21-35-BAJ-EWD**

**BURL CAIN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 3, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT GREEN (#285637) | CIVIL ACTION NO. |
| VERSUS | 21-35-BAJ-EWD |
| BURL CAIN, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Albert Green ("Green"), who is representing himself, and who is incarcerated at the Raymond LaBorde Correctional Center in Cottonport, Louisiana.[1] Pursuant to the screening procedures under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Green's claims be dismissed with prejudice as duplicative, malicious, legally frivolous, and for failure to state a claim upon which relief may be granted.

### I.    Background

Green filed this suit against Burl Cain, Marcus Meyers, and John Doe ("Defendants") pursuant to 42 U.S.C. § 1983 alleging his constitutional right to be free from cruel and unusual punishment was violated because of Defendants' deliberate indifference to Green's serious medical needs.[2] Green is asking for injunctive and monetary relief.[3]

### II.    Law & Analysis

#### A.    Standard of Review

Pursuant to 28 U.S.C. § 1915(e) this Court is authorized to dismiss an action that is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief if the plaintiff has been granted

---

[1] R. Docs. 1 & 6. R. Doc. 6 is the operative complaint. *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).
[2] R. Doc. 6, pp. 4-5.
[3] R. Doc. 6, p. 6.

permission to proceed without prepaying the filing fee ("*in forma pauperis*"). Under 28 U.S.C. § 1915A this Court may dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental entity on the same bases regardless of whether the prisoner has been granted permission to proceed without prepaying the filing fee.[4]

Repetitious litigation of virtually identical causes of action is subject to dismissal as malicious.[5] It is proper to dismiss an action on the basis that it is malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation.[6]

### B. Green's Claims are Duplicative and Subject to Dismissal as Malicious

Green alleges that he was improperly treated by a dentist in 2008 when he arrived at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[7] Green previously filed a complaint in *Albert Green, Jr. v. Burl Cain, et al.*, Civil Action No. 19-506 (M.D. La.) regarding the same series of events he complains of in this case. The prior action was dismissed as legally frivolous and for failure to state a claim because Green's claims were prescribed since he filed suit eleven years after his alleged injury.[8]

A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.[9] Notwithstanding Green's attempt to change some of the defendants in this case,[10] his claims are subject to dismissal as malicious because they

---

[4] Green was granted permission to proceed *in forma pauperis* on March 31, 2021. R. Doc. 9. Accordingly, both statutes apply.
[5] *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (*per curiam*). *See also Milton v. Gusman*, No. 10-3309, 2010 WL 5376459 (E.D. La. Oct. 6, 2010) ("It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious.").
[6] *See Roberson v. Breen*, 444 Fed.App'x. 841, 842 (5th Cir. 2011).
[7] R. Doc. 6, pp. 4-5.
[8] *Albert Green, Jr. v. Burl Cain, et al.*, Civil Action No. 19-506 (M.D. La.) at R. Docs. 12, 14 & 15.
[9] S*ee Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).
[10] In Green's previous case, he named Burl Cain, James M. LeBlanc, Sandy McCain, the Department of Public Safety & Corrections, and an unknown dentist. *Albert Green, Jr. v. Burl Cain, et al.*, Civil Action No. 19-506 (M.D. La.).

arise out of a common nucleus of operative facts with prior litigation (which was dismissed as frivolous).[11]

### RECOMMENDATION

**IT IS RECOMMENDED** that the claims of Plaintiff Albert Green, Jr. be **DISMISSED WITH PREJUDICE** as duplicative, malicious, legally frivolous, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this case be **CLOSED**.[12]

Signed in Baton Rouge, Louisiana, on January 3, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

In this action, he has named Burl Cain, an unknown dentist, but has also added Marcus Meyers, the warden of Raymond Laborde Correctional Center ("RLCC"), where Green is currently housed. R. Doc. 6. Green does not allege that Marcus Meyers committed any constitutional violations or that any of the acts about which he complains occurred while he was even housed at RLCC.

[11] *Compare* R. Doc. 6, p. 4 (complaining that in 2008 a dentist at LSP mistakenly pulled the wrong tooth) with Civil Action No. 19-506 (M.D. La.) at R. Doc. 1, p. 5 (complaining that in 2008 a dentist at LSP mistakenly pulled the wrong tooth). As explained in *Albert Green, Jr. v. Burl Cain, et al.*, Civil Action No. 19-506 (M.D. La.), a substantive review of Green's claims in this case would also result in a recommendation that the case be dismissed because his claims are prescribed.

[12] Albert Green, Jr. is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the dismissal will count as a strike.